UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA S. BELL,<br><br>               Plaintiff,<br><br>     v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>               Defendant. | Case No. 1:25-cv-01129-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS, OR, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT, BE GRANTED, IN PART<br><br>(ECF No. 8)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Lisa S. Bell proceeds *pro se* in this civil action that Defendant Portfolio Recovery Associates, LLC removed from the Fresno County Superior Court on September 4, 2025. (ECF No. 1). Generally, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act (FDCPA) in connection with a $677 debt. (*Id.* at 7).

Now before the Court is Defendant's motion to dismiss Plaintiff's complaint with prejudice for failure to state a claim upon which relief can be granted, or, alternatively, motion for a more definite statement. (ECF No. 8, p. 2). The assigned District Judge has referred this motion for the preparation of findings and recommendations. (ECF No. 12).

As explained below, the Court will recommend that Defendant's motion to dismiss be granted, in part. Specifically, the Court will recommend that Plaintiff's complaint be dismissed for failure to state a claim, with leave to amend. Further, it will recommend that Defendant's

1

request for a more definite state be denied as unnecessary.[1]

## I.     BACKGROUND

### A.  Summary of the Complaint

Plaintiff filed a small claims court complaint in the Fresno Superior Court on July 28, 2025. (ECF No. 1, p. 5). The complaint states as follows:

> Portfolio Recovery Associates, LLC (PRA) violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, by harassing me over a disputed $677 debt (Account #5178059334347581) allegedly from Capital One. On February 21, 2025, I sent a cease-and-desist letter via the Consumer Financial Protection Bureau (CFPB) demanding PRA stop all collection efforts and requesting the assignment contract to verify their ownership of the debt. PRA failed to provide the assignment contract, violating 15 U.S.C. § 1692g(b), which requires debt collectors to cease collection until verification is provided after a dispute. Instead, on July 10, 2025, PRA sent a letter demanding payment by July 31, 2025, and threatening further action, which violates 15 U.S.C. § 1692c(c) (communication after a cease-and-desist) and constitutes harassment under § 1692d. The debt was removed from my Equifax, TransUnion, and Experian credit reports on July 11, 2025, due to identity theft, confirming its invalidity. PRA's actions caused me emotional distress, wasted time, and potential financial harm (e.g., credit denials) from February to July 2025. I seek $12,500 ($1,000 statutory damages under FDCPA + $11,500 actual damages), plus court costs.
>
> . . . .
>
> I calculated the $12,500 as follows: $1,000 in statutory damages under the Fair Debt Collection Practices Act (FDCPA, 15 U.S.C. § 1692k(a)(2)(A)) for PRA's violations, including failing to provide the assignment contract after my dispute (violating § 1692g(b)) and sending a payment demand on July 10, 2025, after my February 21, 2025, cease-and-desist (violating § 1692c(c) and constituting harassment under § 1692d). The remaining $11,500 covers actual damages for emotional distress, time spent resolving this (approximately 150 hours at $75/hour), and potential financial harm from credit denials between February and July 2025, caused by PRA's actions.

(*Id.* at 7, 9).

### B.  State Court Proceedings

On September 4, 2025, Defendant filed a notice of removal based on Federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's complaint alleges violations of the

---

[1] In light of the Court's recommendation, Plaintiff may choose to file an amended complaint rather than filing objections to these findings and recommendations.

FDCPA. (ECF No. 1, p. 2). However, the state court proceeded to issue a default judgment against Defendant on September 11, 2025, following a hearing, and ordered Defendant to pay Plaintiff $5,000 plus $90 in costs.[2] (ECF No. 18-1, p. 7).

Thereafter, Defendant moved to vacate the default judgment in state court. (*Id.* at 10). Defendant's motion argued that its notice of removal was valid, and that Defendant had failed to attend the hearing on the default judgment because it believed the state court no longer had jurisdiction.

Following a hearing on November 20, 2025, the state court granted Defendant's motion and vacated the default judgment, noting that the case was "transferred to federal court by virtue of it having been removed by Defendant." (*Id.* at 49).

### C. Defendant's Motion to Dismiss

On October 9, 2025, Defendant filed its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), or, alternatively, motion for a more definite statement under Rule 12(e). (ECF No. 8). Defendant argues that Plaintiff fails to allege the general elements required for FDCPA claims and the specific elements for the FDCPA provisions that Plaintiff relies on. (*Id.* at 3-4). More specifically, it argues that Plaintiff fails to allege that she is a consumer, that Defendant is a debt collector, that she disputed her debt to Defendant, that she notified Defendant to stop communicating with her, and that Defendant engaged in harassing conduct. (*Id.*).[3]

After being granted an extension of time, Plaintiff filed an opposition on November 10, 2025. (ECF Nos. 14, 15). Plaintiff's opposition did not address the merits of Defendant's motion. Instead, Plaintiff argued that the state court had already entered a default judgment against Defendant on September 11, 2025, and that Defendant did not properly file a notice of removal with the state court. (ECF No. 15, p. 1).

Defendant filed a reply on November 18, 2025, generally reiterating its arguments in

---

[2] The Court may take judicial notice of the state court records. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[3] Because the Court concludes that Plaintiff fails to state a claim, it will not further address Defendant's alternative request for a more definite statement under Rule 12(e).

favor of dismissal and arguing that its notice of removal was proper. (ECF No. 16).

Because Defendant's reply failed to address whether a default judgment had been entered against it in state court, the Court directed it to file a supplement on this issue. (ECF No. 17). Defendant timely filed a supplement, explaining, as recited above, that the state court initially entered a default judgment against it, but later vacated the default judgment because the case had been removed to Federal court. (ECF No. 18, pp. 2-3). Defendant submitted a copy of relevant state court filings, including the order vacating the default judgment. (ECF No. 18-1, p. 49).

Plaintiff filed a reply to Defendant's supplement on December 17, 2025. (ECF No. 19). Plaintiff's reply argues that her claims should not be dismissed. Plaintiff's reply relies, in part, on factual allegations that were not contained in her complaint. For example, Plaintiff states that "On February 21, 2025, I sent my first cease-and-desist letter to Portfolio Recovery Associates demanding they stop all collection activity on the alleged debt. PRA ignored my cease-and-desist and continued reporting the debt on my credit report until June 2025–a direct violation of 15 U.S.C. § 1692c." (*Id.* at 1, minor alterations). Additionally, Plaintiff attaches exhibits that were not included in Plaintiff's complaint, including "CFPB complaints documenting [Plaintiff's] repeated cease-and-desist demands and PRA's continued violations." (*Id.*).

Plaintiff also argues that state default judgment "is valid," the order vacating the default judgment "was improper," and this case should "be remanded." (*Id.* at 2) (minor alterations).[4]

\\\

\\\

---

[4] Although Plaintiff's reply briefly argues that remand to state court is proper, (ECF No. 19, p. 2), Plaintiff has not filed a motion to remand this case. Nevertheless, the Court notes that Plaintiff has provided no basis to remand the case or enforce the judgment that has been vacated by the state court. Plaintiff does not contest that the state court granted Defendant's motion to vacate the default judgment. (ECF No. 18-1, p. 49). Nor has Plaintiff provided any legal basis to remand the case or overturn the state court's order. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir. 2008) (concluding that *Rooker-Feldman* doctrine barred Federal lawsuit that amounted to "a *de facto* appeal of a state court decision" that refused to vacate a default judgment entered in state court).

4

## II.    LEGAL STANDARDS FOR MOTIONS TO DISMISS

Federal Rule of Civil Procedure 12 permits a party to file a motion to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[T]he court must construe the complaint in the light most favorable to the plaintiff, taking all [of the plaintiff's] allegations as true and drawing all reasonable inferences from the complaint in [the plaintiff's] favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## III.    ANALYSIS

### A.  FDCPA Violations

Defendant first argues that Plaintiff's complaint fails to allege sufficient facts to state a claim under the FDCPA.  (ECF No. 8, p. 6).

The Supreme Court has noted that the FDCPA was enacted "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010).  Courts have concluded that, "[t]o state a claim under the FDCPA, a plaintiff must allege facts to satisfy the following threshold elements: (1) that plaintiff is a consumer; (2) that plaintiff was the object of a collection activity arising from a debt; (3) that defendant is a debt collector; and (4) that defendant violated a provision of the FDCPA." *Montijo v. Hrdlicka*, No. 1:20-CV-00125-DAD-EPG, 2021 WL 3857643, at *4 (E.D. Cal. Aug. 30, 2021).

The Court agrees that Plaintiff's complaint does not contain factual allegations addressing each of these elements of an FDCPA claim. Plaintiff's complaint does not specifically allege that she is a "consumer" or that Defendant is a "debt collector" under the FDCPA.

Defendant next argues that Plaintiff fails to allege sufficient facts to state a claim for violation of 15 U.S.C. § 1692g(b), which requires a "debt collector [to] cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt," "[i]f the consumer notifies the debt collector in writing" within thirty days after the debt collector provides notice of the debt.

The Court agrees that Plaintiff's complaint does not contain factual allegations addressing each of these elements of a claim under 15 U.S.C. § 1692g(b) because Plaintiff's complaint does not specifically allege that she disputed the debt within the 30-day period nor that she directly disputed the debt with Defendant

Defendant also argues that Plaintiff's allegation that Defendant failed to provide her an assignment contract fails to state a claim under 15 U.S.C. § 1692g because that section does not require a debt collector to do so. Notably, in *Clark v. Capital Credit & Collection Services, Inc.* 460 F.3d 1162, 1174 (9th Cir. 2006), the Ninth Circuit concluded that "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Id.* at 1173–1174 (citation omitted).

The Court agrees with Defendant that Plaintiff's allegations do not state a claim under 15 U.S.C. § 1692g.

Defendant next argues that Plaintiff fails to state a claim under § 1692c(c), which generally requires a "debt collector to cease further communication with the consumer" "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer," because Plaintiff's complaint does not allege that Plaintiff sent a cease-and-desist letter to Defendant. *See Norton v. Mandarich L. Grp., LLC*, No. 1:22-CV-0327-JLT-SKO, 2023 WL 2617077, at *4 (E.D. Cal. Mar. 23, 2023) (noting that, under § 1692c(c), "the consumer must

give written notification to the identified debt collector" and the statute "does not contemplate circumstances where the consumer gave another collector written instructions to cease communications and does not indicate a debt collector can be held liable if it has knowledge of a cease-and-desist letter served upon another").

The Court agrees that Plaintiff's complaint fails to allege this element of the claim because it alleges that a complaint letter was sent to the CFPB, rather than Defendant. (ECF No. 1, p. 7).

Lastly, Defendant argues that Plaintiff fails to state a claim under § 1692d, which prohibits harassment (or oppressive or abusive conduct) in connection with debt collection activities, including "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader."

The Court agrees with Defendant. The complaint only states that Defendant's letter demanding payment threatened unspecified "further action." (ECF No. 1, p. 7). It does not allege that Defendant's letter contained harassing communications, such as "obscene or profane language."

Plaintiff's reply does not contest that her current complaint does not allege facts regarding these elements of an FDCPA claim. Instead, Plaintiff relies on facts and documents not included in the complaint, including that she sent a "cease-and-desist letter to Portfolio Recovery Associates," which is attached to her reply. (ECF No. 19, p. 1).

In evaluating the motion to dismiss, the Court must look only to the facts alleged in Plaintiff's complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989) ("Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."). Thus, Defendant's motion to dismiss should be granted because Plaintiff's complaint fails to allege the elements of the claims, as set forth above.

However, the Court recommends granting Plaintiff leave to amend her complaint. Plaintiff has claimed that she can allege facts that meet the elements of at least some of these FDCA claims. Leave should be "freely give[n] when justice so requires," Fed. R. Civ. P.

15(a)(2). The Court concludes that leave to amend is warranted because Plaintiff has indicated that she may be able to allege additional facts that would state a claim under the FDCPA. (ECF No. 19, p. 1).

## IV. CONCLUSION AND RECOMMENDATIONS

For the reasons given above, IT IS RECOMMENDED as follows:

1. Defendant's motion to dismiss Plaintiff's complaint (ECF No. 8) be GRANTED, with leave to amend.[5]  (ECF No. 8).

2. And Defendant's alternative request for a more definite statement be DENIED as unnecessary. (ECF No. 8).

These findings and recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**January 15, 2026**__          _____/s/_~~Erin P. Grosjean~~_____
                                                  UNITED STATES MAGISTRATE JUDGE

---

[5] In light of this recommendation, Plaintiff may choose to file an amended complaint that includes additional factual allegations, rather than file objections to these findings and recommendations. If Plaintiff files an amended complaint, the case will proceed on that amended complaint, subject to any motion Defendant may file to dismiss that amended complaint.