**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LISA S. BELL, | Case No.: 1:25-cv-01129 JLT EPG |
| Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO FILE AN AMENDED COMPLAINT |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant. | |

On March 3, 2026, the Court adopted findings and recommendations to grant Defendant's motion to dismiss and gave Plaintiff 14 days to file any amended complaint. (Doc. 21.) The order advised that "[f]ailure to do so will result in the dismissal of this case." (*Id.* at 2.) More than 14 days have passed, and Plaintiff has failed to file an amended complaint or anything further in this case. Without any complaint, the action cannot proceed before the Court.

In finding dismissal is appropriate, the Court has considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest

1

in expeditious resolution of litigation always favors dismissal."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Because Plaintiff has stopped this action from proceeding by not filing an amended complaint, the third factor also supports dismissal. Finally, the Court's warning to Plaintiff that the matter would be dismissed satisfies the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Consequently, the *Henderson* factors weigh in favor of dismissal for Plaintiff's failure to file an amended complaint. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors"). Thus, the Court **ORDERS**:

1. This action is **DISMISSED** without prejudice.

2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:     **March 25, 2026**

UNITED STATES DISTRICT JUDGE